UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/2026

-------------------------------------------------------------X

CESAR MENCOS,

        Plaintiff,

                      -v.-

SAN JUDAS TADEO INC.
(DBA PATRICIAS PIZZA II),
MARCELO SICHA and
HUGO SICHA, individually,

                         **Case No. 7:25-cv-00903-NSR**

        Defendants.

-------------------------------------------------------------X

## AMENDED DEFAULT JUDGMENT ORDER

On January 30, 2025, this action was commenced by Plaintiff's filing of the Complaint (ECF No. 1), asserting claims against Defendants for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 650 *et seq.*, as well as for wage notice and wage statement violations under NYLL §§ 195(1) and 195(3).

The Summons and Complaint having been duly served on Defendants SAN JUDAS TADEO INC. (DBA PATRICIAS PIZZA II), MARCELO SICHA and HUGO SICHA, individually, and said Defendants having failed to appear, plead, or otherwise defend in this action, and the Clerk of the Court having entered a Certificate of Default on April 15, 2025, and upon the annexed Declaration of Lina Stillman, Esq. with exhibits, the Affidavit of Plaintiff Cesar Mencos, and the Memorandum of Law in support of the motion for default judgment,

NOW, on motion of Plaintiff, by his attorneys STILLMAN LEGAL, P.C., it is hereby

**ORDERED, ADJUDGED AND DECREED:**

### DAMAGES CALCULATION

Plaintiff's damages are calculated as follows, based on the Declaration of Counsel, the annexed damages spreadsheet, and the sworn Affidavit of Plaintiff Cesar Mencos:

**A.      Employment Period and Hours Worked**

Plaintiff was employed by Defendants as a pizzaman and delivery worker at Patricias Pizza II, located at 15 South NY-303, Congers, New York 10920, from October 4, 2021 through December 9, 2024. Throughout his employment, Plaintiff worked approximately 66 hours per week, six days per week, with no day off during the initial period of employment. Plaintiff was paid a flat weekly salary that did not vary with hours worked, resulting in underpayment of the applicable minimum wage for straight-time hours and failure to pay the required overtime premium for all hours worked in excess of 40 per week.

**B.      Applicable Minimum Wage Rates (Rockland County)**

The New York State minimum wage for employers in Rockland County during the relevant period was as follows:

| Period | Min. Wage/Hr. |
|---|---|
| Dec. 31, 2020 – Dec. 30, 2021 | $12.50 |
| Dec. 31, 2021 – Dec. 30, 2022 | $13.20 |
| Dec. 31, 2022 – Dec. 30, 2023 | $14.20 |
| Jan. 1, 2024 – present | $15.00 |

NYLL § 652(1); 12 NYCRR § 146-1.2.

**C.      Calculation of Unpaid Minimum and Overtime Wages**

Plaintiff's overtime rate is calculated at one and one-half times the applicable New York State minimum wage, or his regular hourly rate, whichever is greater. See 29 U.S.C. § 207(a)(1); NYLL § 663(3); 12 NYCRR § 146-1.4. Unpaid minimum wages represent the difference between the amount Plaintiff was actually paid and the applicable minimum wage for all hours worked. Unpaid overtime wages represent the difference between the amount Plaintiff was paid for hours in excess of 40 per week and the required overtime premium of 1.5 times the applicable minimum wage.

Damages for unpaid wages are as follows:

| Period | Unpaid Min. Wage | Unpaid Overtime | Total |
|---|---|---|---|
| 10/04/21 – 10/31/21 | $484.84 | $965.16 | $1,450.00 |
| 11/01/21 – 12/31/21 | $0.00 | $1,595.42 | $1,595.42 |
| 01/01/22 – 12/31/22 | $0.00 | $9,218.18 | $9,218.18 |
| 01/01/23 – 12/31/23 | $1,172.60 | $10,361.00 | $11,533.60 |
| 01/01/24 – 12/09/24 | $2,672.95 | $11,292.05 | $13,965.00 |
| **TOTAL** | **$4,330.39** | **$33,431.81** | **$37,762.20** |

**D.      Liquidated Damages**

Under NYLL § 663(1), an employee who has been the subject of a willful wage violation is entitled to liquidated damages equal to 100% of the total unpaid wages. Defendants' default constitutes an admission that their failure to pay minimum and overtime wages was willful. Accordingly, Plaintiff is entitled to liquidated damages in the amount of **$37,762.24**, equal to the total unpaid minimum and overtime wages.

**E.      Statutory Damages – Wage Notice and Wage Statement Violations**

Plaintiff is entitled to statutory damages for Defendants' failure to provide wage notices at the time of hiring, as required by NYLL § 195(1), in the amount of $5,000.00 (fifty dollars per workday, not to exceed $5,000.00). NYLL § 198(1-b).

Plaintiff is further entitled to statutory damages for Defendants' failure to provide proper wage statements with each payment of wages, as required by NYLL § 195(3), in the amount of $5,000.00 (two hundred fifty dollars per workday, not to exceed $5,000.00). NYLL § 198(1-d).

**F.      Prejudgment Interest**

Plaintiff is entitled to prejudgment interest at the statutory rate of nine percent (9%) per annum on the compensatory damages (unpaid wages), excluding liquidated damages, calculated from the midpoint of Plaintiff's employment to the anticipated date of judgment. *See* NYLL §§ 198(1-a); N.Y. CPLR §§ 5001, 5004; *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666 (S.D.N.Y. 2011) (approving midpoint-of-employment method for calculating prejudgment interest in NYLL wage cases).

The midpoint of Plaintiff's employment (October 4, 2021 through December 9, 2024) is approximately **May 7, 2023**. Prejudgment interest on the total unpaid wages of $37,762.20, calculated at 9% per annum from May 7, 2023 to July 17, 2025 (the date of Plaintiff's moving papers), a period of approximately 802 days (2.197 years), yields prejudgment interest of approximately **$2,029.85**. Prejudgment interest continues to accrue and shall be computed through the date judgment is entered.

**G.      Costs**

Plaintiff is entitled to costs in the amount of $721.00, as evidenced by the receipts annexed to the Declaration of Counsel. Plaintiff waives recovery of attorneys' fees.

### SUMMARY OF DAMAGES

| Category | Amount |
| --- | --- |
| Unpaid Minimum Wages | $4,330.39 |
| Unpaid Overtime Wages | $33,431.81 |
| **Subtotal – Unpaid Wages** | **$37,762.20** |
| Liquidated Damages (100% of unpaid wages, NYLL § 663(1)) | $37,762.24 |
| Wage Notice Violations (NYLL § 195(1)) | $5,000.00 |

| | |
|---|---:|
| Wage Statement Violations (NYLL § 195(3)) | $5,000.00 |
| **TOTAL JUDGMENT** | **$85,524.44** |
| Prejudgment Interest (9% per annum from midpoint, May 7, 2023) | $2,029.85 |
| Costs | $721.00 |

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Plaintiff CESAR MENCOS has judgment against Defendants SAN JUDAS TADEO INC. (DBA PATRICIAS PIZZA II), MARCELO SICHA, and HUGO SICHA, individually, jointly and severally, in the total amount of **$85,524.44**, calculated as set forth above, comprising:

(a)     Unpaid minimum wages in the amount of $4,330.39;

(b)     Unpaid overtime wages in the amount of $33,431.81;

(c)     Liquidated damages under NYLL § 663(1) in the amount of $37,762.24;

(d)     Statutory damages for wage notice violations under NYLL § 195(1) in the amount of $5,000.00;

(e)     Statutory damages for wage statement violations under NYLL § 195(3) in the amount of $5,000.00;

together with prejudgment interest in the amount of $2,029.85, calculated at the statutory rate of 9% per annum on the unpaid wages of $37,762.20 from the midpoint of Plaintiff's employment (May 7, 2023) through July 17, 2025, with prejudgment interest continuing to accrue through the date of entry of judgment; together with costs in the amount of $721.00; together with post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 from the date of entry of judgment.

**IT IS FURTHER ORDERED** that if any amounts remain unpaid upon the expiration of ninety (90) days following issuance of this judgment, or ninety (90) days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

Dated: March 18, 2026
       White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge